IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PETER GARCIA**,

        Petitioner,

    v.

**COAST COMMUNITY HEALTH CENTER**

        Respondent.

Civ. No. 6:20-cv-2175-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Petitioner Dr. Peter Garcia sues Coast Community Health Center ("CCHC") for age discrimination, disability discrimination, and retaliation. Dr. Garcia brings the action under the Age Discrimination Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), Title VII, and the Genetic Information Nondiscrimination Act ("GINA"). He seeks lost wages and benefits, liquidated damages, and punitive damages.

    CCHC asks this Court to dismiss all of Petitioner's claims. Because Dr. Garcia has failed to state a claim, Def.'s Mot. to Dismiss, ECF No. 24, is GRANTED.

## BACKGROUND

    Petitioner, Dr. Garcia, brings claims for age discrimination in violation of the ADEA, ADA, and retaliation in violation of Title VII, the ADA, and the GINA. All the claims stem from two separate employment applications to CCHC for two positions: Chief Medical Officer ("CMO") and Chief Operations Officer ("COO"). Pet'r's Am. Compl. 4-5, ECF No. 18. Dr. Garcia first applied to the CMO position at CCHC in response to an email advertisement from a recruiter

1 – OPINION AND ORDER

in August 2019. Pet'r's Resp. 2, ECF No. 28. Following an interview with CCHC, the recruiter informed Dr. Garcia that he was no longer in consideration for the position based on a lack of recent Federally Qualified Health Centers ("FQHC") experience. *Id.* Later, Dr. Garcia filed a discrimination charge under the ADEA with the Equal Employment Opportunity Commission ("EEOC") and resubmitted his application to CCHC for reconsideration for the CMO position. *Id.* In May 2020, CCHC's Chief Executive Officer, informed Dr. Garcia that he was no longer considered for the CMO position because of a lack of recent critical care experience. *Id.* at 3.

In April 2020, CCHC opened a different position for COO and Dr. Garcia applied. *Id.* After receiving no communication about his COO application, Dr. Garcia submitted a discrimination and retaliation complaint to the EEOC against CCHC. *Id.* In February 2021, CCHC informed Dr. Garcia that the COO opening was being closed to outside applicants because of COVID-19 concerns. *Id.* at 4.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow a court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678. When considering a motion to dismiss, a court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-moving party, *Burget v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000), but it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

A plaintiff does not have to establish a prima facie case under the *McDonnell Douglas* standard at the pleading stage. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). But a plaintiff must still plead a set of facts consistent with the allegations. *Id.* at 514. Although a plaintiff does not need evidence to support a prima facie case at the dismissal stage, there still must be sufficient facts to assert a claim. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). If a complaint is dismissed, the Court must grant the plaintiff leave to amend unless it "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). *Pro se* litigants must be granted leave to amend even more liberally "unless it determines that the pleading could not possible be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection* Serv., 911 F.2d 242, 247 (9th Cir. 1990).

## **DISCUSSION**

### I. **Motion to Strike**

Respondent properly moved to strike much of Petitioner's response under Fed. R. Civ. P. 12(f). Def.'s Mot. to Strike, ECF No. 30. Petitioner incorrectly used his response as a quasi-amended complaint. That said, because Petitioner's complaint and response still fails to allege a prima facie case of age discrimination, disability discrimination, or retaliation, this Court will DENY the motion to strike and instead dismiss each of the claims using all the information alleged in Petitioner's complaint and response.

### II. **Withdrawn Claims**

Petitioner voluntarily withdrew several claims in his response. He withdrew his retaliation claim under Or. Rev. Stat. § 659A.030 because he has not yet exhausted the administrative remedies through the EEOC. Pet'r's Resp. 21–22. He also voluntarily withdrew his claims under

26 U.S.C. § 6104 and 18 U.S.C. § 1001 because neither has a private cause of action available to Petitioner. Pet'r's Resp. 25. Thus, all three claims are DISMISSED.

### III. <u>Age Discrimination</u>

Petitioner fails to allege facts sufficient for a prima facie case of age discrimination for either the CMO or COO position under the ADEA or Or. Rev. Stat. § 659A.030. The complaint for both the federal and state claims must allege the same elements: (1) that the plaintiff was at least 40 years old at the time of the alleged discriminatory conduct; (2) the plaintiff applied to the position and was denied; (3) the plaintiff was otherwise qualified for the position; and (4) either a substantially younger applicant with equal or lesser qualifications was hired or plaintiff was denied under circumstances "giving rise to an inference of age discrimination." *Bellinger v. Coos Bay Sch. Dist.*, No. 6:13-cv-01443-AA, 2014 WL 5791575, at *3 (D. Or. Nov. 5, 2014); *Robillard v. Opal Labs, Inc.*, 428 F. Supp. 3d 412, 435–36 (D. Or. 2019). Petitioner's claim fails both the third and fourth element of the prima facie case for age discrimination.

Petitioner first fails to allege that he was qualified for either position. Petitioner relies on performance reviews and experience that is well over 20 years old to prove that he was qualified for both CCHC positions. Pet'r's Resp. Ex. C. He relies on his own approximations of the position requirements and conclusions about his own abilities to argue that he is qualified. Pet'r's Resp. 4–8. But CCHC twice explained to Petitioner why he was not qualified, which he acknowledges. *See* Pet'r's Resp. 2–3. Both explanations from CCHC relate to a lack of *recent* experience in FQHC or critical care. *Id.* Petitioner also fails to allege that he has a current Oregon medical license. Def.'s Mot. to Dismiss 13, ECF No. 24. At no point does Petitioner address these specific shortcomings in his qualifications, so he has not alleged that he is qualified for either position at CCHC.

Petitioner also fails to allege that a younger applicant with equal or lesser qualifications than himself was hired. Dr. Ann Kellogg was hired by CCHC. Petr's Am. Compl. Ex. D. Even if this Court assumes that Dr. Kellogg is younger than Petitioner, which Petitioner never alleges, Petitioner fails to argue that he has similar or more qualifications. Instead, Petitioner falsely equates experience with qualifications and tries to shift the burden to the hospital, pointing out that CCHC never argued that Dr. Kellogg was the "superior" candidate. Pet'r's Resp. 16–17. Petitioner takes this faulty analysis a step further by implying that the hiring of Dr. Kellogg is itself evidence of circumstances giving rise to an inference of age discrimination. Pet'r's Resp. 17. There are no facts alleged by Petitioner that suggest an inference of age discrimination in this case. Even if Petitioner had properly plead that a younger applicant was hired, he makes no specific factual allegations about qualifications other than loose inferences to his own experience. Petitioner has only successfully alleged that CCHC had a job requirement of recent experience, which is not in itself age discrimination.

Finally, Petitioner claims the multiple explanations he received from different sources as to why he was not hired are evidence giving rise to an inference of age discrimination. Pet'r's Resp. 3. However, it seems that both reasons, lack of recent FQHC and critical care experience, are valid given Petitioner's lack of qualifications for the position. Rather than an inference of discrimination, this Court finds that Petitioner had several shortcomings fatal to his job application and cited by various sources during his subsequent inquiry.

## IV. **Disability Discrimination**

Petitioner did not exhaust the administrative remedies for his claim under the ADA. In each of the filings that were submitted to the EEOC, Petitioner complained only of discrimination based on age and retaliation. Pet'r's Resp. 2–3; Maxon Decl. in Support of Mot. to Dismiss, Ex. B, Ex.

C., ECF No. 25. 42 U.S.C. § 12117(a) requires any plaintiff bringing an ADA claim first file a charge of discrimination with the EEOC. *See Brooks v. Agate Res.*, *Inc.*, No. 6:15-cv-00983-MK, 2019 WL 2635594, at *7 n.2 (D. Or. March 25, 2019) (citations omitted). Thus, this Court lacks jurisdiction over the ADA claim.

But even if this Court had jurisdiction over the disability discrimination claim, Petitioner has failed to allege a prima facie case. Petitioner must establish three elements for a prima facie case under the ADA: "(1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003).

Petitioner has once again failed to meet two of the elements of a prima facie case. As previously established by the failure of his age discrimination claim, Petitioner is not a qualified applicant for either position, regardless of his disability. Nor did the Petitioner suffer an adverse employment action because of the disability. Petitioner fails to connect his rejection from CCHC to his disability. The only reason he cites for possible disability discrimination is that he did not include his phone number on his submitted CV. Pet'r's Resp. 20–21. Petitioner makes no allegations about how not providing his phone number impacted his hiring, much less whether the omission of a phone number would implicate disability discrimination on the part of CCHC. He fails again to allege enough facts for a prima facie case of disability discrimination under the ADA.

## V. **Retaliation**

Petitioner makes several retaliation claims under Title VII, the GINA, the ADEA, and the ADA. Some claims may be disposed of quickly because the law does not apply to Petitioner. First, Title VII does not apply because it only protects individuals who are rejected from a job based on

race, color, religion, sex, or national origin. 42 U.S.C. §2000e-2(a)(1). As Petitioner does not claim to be discriminated against due to any of these qualities, and instead alleges age or disability discrimination, the Title VII retaliation claim is DISMISSED. Second, to make a claim under the GINA, Petitioner must prove he was engaged in a protected activity which is an activity that mentions GINA or genetic information. *Ortiz v. City of San Antonio Fire Dept.*, 806 F.3d 822, 827 (5th Cir. 2015). Again, Petitioner is only claiming retaliation on the alleged age discrimination during the first job application, which is not protected by the GINA. Pet'r's Am. Compl. ¶¶ 69–74. Thus, this claim is also DISMISSED.

Third, Petitioner brings a retaliation claim under the ADEA.[1] The elements to establish a prima facie case are: (1) plaintiff engaged in a protected activity; (2) the employer took an adverse employment action against the plaintiff; and (3) there is a causal link between the protected activity and adverse action. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). Causation in retaliation cases can be inferred from "circumstantial evidence of 1) an employer's knowledge that the plaintiff engaged in a protected activity, and 2) the time interval separating the protected activity and allegedly adverse action." *Huffman v. Scappoose Sch. Dist. No. 1 J*, No. 3:14-CV-00941, 2015 WL 4546084, at *6 (D. Or. July 28, 2015). Petitioner alleges that he engaged in the protected activity of filing a complaint against CCHC with the EEOC on January 22, 2020, after he did not receive a response to his application for the CMO position. Pet'r's Am. Compl. ¶ 24. He applied for the COO position four months later. *Id.* ¶ 25. He again did not hear from CCHC following his second application until February 2021 to inform him the position had closed to outside applicants because of concerns about COVID-19. *Id.* ¶ 32. Petitioner finds this lack of interest in him as an

---

[1] Petitioner voluntarily withdrew his retaliation claim under Oregon's retaliation statute, Or. Rev. Stat. § 659A.030, for failing to exhaust administrative remedies. That said, the prima facie case for retaliation under Oregon law is the same as a federal claim. Even if Petitioner had properly filed a state retaliation claim, it would fail for the same reasons his federal claim fails.

7 – OPINION AND ORDER

applicant as an obvious indication of retaliation. He also argues that his request for CCHC's tax documents was a basis for retaliation despite recognizing a mere paragraph later that he has no legal claim as a private actor for those documents. Pet'r's Resp. 25. Ultimately, this claim cannot survive dismissal on Petitioner's promises of producing evidence at a trial based on his complete lack of factual allegations today. *See Ashcroft*, 556 U.S. at 663, 678.

## VI. Attorney's Fees

Finally, this Court will award attorney's fees to Respondent CCHC for claims brought under Title VII, the ADA, and the ADEA. *Zhang v. Honeywell Intern, Inc.*, 442 Fed.Appx. 288 (9th Cir. 2011); *Ramirez v. Parker*, No. 3:13-cv-01772-AC, 2015 WL 6163532, at *1 (D. Or. Oct. 20, 2015). Petitioner recognizes that attorney's fees are only granted as "an extreme sanction," which is exactly why they are being granted in this case. Pet'r's Resp. 26. Not only does this case lack any factual basis to raise this claim above the low threshold of frivolity, but Petitioner has also filed at least eight similar cases. *See Garcia v. Waterfall Cmty. Health Clinic*, No. 6:20-CV-1800-MC (D. Or.) (J. McShane) (dismissed); *Garcia v. Providence Health Sys. – Oregon*, No. 3:16-cv-01096-BR (D. Or.) (J. Brown) (dismissed); *Garcia v. Alicare Med. Mgmt.*, No. 1:10-cv-00026-JL (D.N.H.) (dismissed); *Garcia v. Haines City HMA, LLC*, No. 6:13-cv-00362-PCF-GJK (M. D. Fla.) (dismissed); *Garcia v. Univ. Sys. of Georgia*, No. 1:21-cv-00312-ELR-JSA (N.D. Ga.) (pending); *Garcia v. MaineGeneral Health*, No. 1:18-cv-00019-NT (D. Me.) (dismissed); *Garcia v. Primary Health Care, Inc.*, No. 4:20-cv-00391-JAJSBJ (S.D. Iowa) (pending); *Garcia v. The Delta Companies*, No. 3:20- cv-03194-X-BH (N.D. Tex.) (pending). Petitioner has established a pattern of bringing a court case whenever the reality of a rejection from a job conflicts with his own delusions of grandeur about his qualifications. This Court finds Petitioner's claims to be a waste of resources and awards attorney's fees to Respondent accordingly.

Moreover, this Petitioner will not be granted further leave to amend his complaint as it would be futile given the utter lack of facts supporting the alleged discrimination and retaliation. Petitioner already improperly used his Answer as an amended complaint and introduced more allegations that still did not meet the pleadings threshold.

This Court also warns Petitioner that he is fast approaching the standard for a vexatious litigant. This finding would carry even harsher consequences than the attorney's fees imposed here, including restricting the ability to file a suit without obtaining prior permission. *De Long v. Hennessey*, 912 F.2d 1140, 1147 (9th Cir. 1990). Petitioner's lengthy history of hollow litigation borders on the "flagrant abuse" standard. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

## **CONCLUSION**

For the above reasons, Respondent's motion to strike, ECF No. 30, is DENIED and Respondent's motion to dismiss, ECF No. 24, is GRANTED. Respondent's request for attorney's fees is also GRANTED. Respondent is ORDERED to provide an accounting of their costs to the Court within 30 days of this Opinion and Order.

IT IS SO ORDERED.

DATED this 19th day of May, 2021.

                                                  _s/Michael J. McShane_
                                                  Michael J. McShane
                                                  United States District Judge