**Dennis E. Westlind**
dwestlind@bullardlaw.com
**Naomi D. Johnson, OSB No. 150477**
njohnson@bullardlaw.com
Bullard Law
200 SW Market Street, Suite 1900
Portland, OR  97201
503-248-1134/Telephone
503-224-8851/Facsimile

      Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

|  |  |
|---|---|
| **PETER GARCIA,** | Case No. 6:20-CV-02175-MC |
| Plaintiff, | **DEFENDANT COAST COMMUNITY HEALTH CENTER'S MOTION FOR ATTORNEY FEES** |
| v. | |
| **COAST COMMUNITY HEALTH CENTER,** | |
| Defendant. | |

## LR 7-1 CERTIFICATION

In compliance with Local Rule 7-1, counsel for Defendant Coast Community Health Center ("CCHC") made a good faith effort to confer with Plaintiff Peter Garcia ("Plaintiff") to resolve the issues in dispute in this Motion, but the Parties were unable to resolve them.

/ / /

Page 1   **DEFENDANT COAST COMMUNITY HEALTH CENTER'S MOTION FOR ATTORNEY FEES**

**MOTION**

Pursuant to the Court's May 19, 2021 Opinion and Order dismissing Plaintiff's Amended Complaint with Prejudice and granting CCHC's request for attorney fees, CCHC respectfully moves the Court for an order awarding it all of its reasonable attorney fees incurred in defending against Plaintiff's five claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA") (collectively, the "Fee Award Claims"), as well as fifty percent of the fees incurred in defending against all of Plaintiff's ten claims and which cannot otherwise be apportioned. CCHC seeks **$17,562.25** in attorney fees in connection with those claims.

In addition, CCHC respectfully asks the Court to grant its request for all of its reasonable attorney fees incurred in defending against Plaintiff's remaining five claims for age discrimination and retaliation in violation of ORS 659A.030, retaliation in violation of the Genetic Information Nondiscrimination Act ("GINA"), violations of 18 U.S.C. § 1001 and 26 U.S.C. § 6104, and common law fraud (collectively, the "Non-Fee Award Clams"), as well as fifty percent of the fees incurred in defending against all of Plaintiff's claims and which cannot otherwise be apportioned. CCHC's respectfully also asks the Court to enter an order awarding CCHC those fees, which total **$18,174.25.**

CCHC's Motion is supported by: (1) the following memorandum; (2) the Declaration of Naomi D. Johnson ("Johnson Decl.") and the exhibits attached thereto; and (3) all pleadings filed in this action and all argument that may be made at any hearing on the Motion.

## MEMORANDUM IN SUPPORT OF MOTION

### I.    INTRODUCTION AND SUMMARY OF ARGUMENTS

As this Court is aware, Plaintiff is a professional litigant, having filed a slew of baseless, harassing and frivolous lawsuits nationwide against potential employers to whom he unsuccessfully applied for employment. Unfortunately, CCHC became the target of Plaintiff's vexatious and bad faith litigation tactics after it rejected him for two positions he applied for, that of Chief Medical Officer ("CMO") and Chief Operating Officer ("COO"). The lawsuit he subsequently initiated with the filing of his original complaint contained factually unsupported and legally flawed claims, and even after filing an amended complaint containing ten separate claims, Plaintiff's claims fared no better.

This Court agreed. In its May 19, 2021 Opinion and Order ("May 19 Order"), the Court granted CCHC's Motion to Dismiss the Amended Complaint with Prejudice ("Motion to Dismiss") and also awarded CCHC attorney fees in connection with the five Fee Award Claims. CCHC now moves for an order awarding its requested fees incurred in connection with those claims, as well as fifty percent of the fees incurred in defending against Plaintiff's lawsuit and which cannot otherwise be apportioned, which total $17,562.25.

While the May 19 Order did not address the issue of fees in connection with the remaining five Non-Fee Award Claims, CCHC now respectfully asks the Court to grant its request for its attorney fees in connection with those claims, as well as the remaining fifty percent of the fees incurred in defending against Plaintiff's lawsuit and which cannot otherwise be apportioned, and enter an order awarding $18,174.25. This

request should be granted for three independent reasons: (1) Oregon state law provides for prevailing party attorney fees for Plaintiff's claims arising under ORS 659A.030; (2) because some of Plaintiff's Non-Fee Award claims are inextricably intertwined with the Fee Award Claims, the Court is not required to apportion CCHC's attorney fees between the different claims; and (3) the Court may, in its inherent power, grant CCHC's request, which is necessary to further deter Plaintiff from continuing to file and pursue harassing, vexatious and frivolous lawsuits.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.   After Plaintiff Unsuccessfully Applied to CCHC For Employment, He Initiated This Lawsuit.

Plaintiff twice applied for employment with CCHC for the positions of CMO and COO in 2019 and 2020, respectively. ECF #24 at 4. After being passed over for both positions, he filed two charges with the EEOC alleging discrimination and retaliation in violation of the ADEA and the ADA. ECF #24 at 5. After his EEOC charges were dismissed, Plaintiff initiated this action with the filing of his first complaint ("First Complaint") on December 15, 2020. ECF #1. The First Complaint contained the following claims: (1) age discrimination in violation of the ADEA; (2) age discrimination in violation of ORS 659A.030; (3) common law fraud; (4) disability discrimination in violation of the ADA; and (5) retaliation in violation of Title VII, the ADEA, the ADA, the Genetic Information Nondiscrimination Act ("GINA"), and ORS 659A.030(1)(f) (this last claim in reality consisted of five distinct retaliation claims because they were brought under five different federal and state statutes). ECF #1.

On February 12, 2021, before moving to dismiss Plaintiff's third claim for

common law fraud, counsel for CCHC initiated conferral discussions with Plaintiff

pursuant to LR 7-1. Johnson Decl. ¶ 2, Ex. A at 5. By email dated February 15, 2021,

defense counsel explained that Plaintiff's fraud claim was without basis because it was

founded on statements that CCHC allegedly made to the EEOC in connection with

Plaintiff's EEOC charges, and not statements made to Plaintiff; thus, he would be unable

to prove either reliance or proximate injury, two elements of his prima facie case.

Johnson Decl. ¶ 2, Exhibit A at 3-4. By email dated February 17, 2021, Plaintiff indicated

he would withdraw the fraud claim, and that he would shortly be filing an amended

complaint. Johnson Decl. ¶ 2, Exhibit A at 2-3. While CCHC first considered, and

prepared a motion, seeking an extension of time to respond to Plaintiff's First Complaint

given that Plaintiff intended to file an amended pleading, ultimately the parties could

not reach agreement on that issue. (Johnson Decl. ¶ 2, Exhibit A at 1-2.) CCHC

proceeded to file its motion to dismiss Plaintiff's fraud claim on February 17, 2021. ECF
#16.

**B.    Plaintiff's Amended Complaint and CCHC's Motion to Dismiss.**

On March 3, 2021, Plaintiff filed an amended complaint (the "Amended

Complaint"), alleging six claims: (1) age discrimination in violation of the ADEA; (2) age

discrimination in violation of ORS 659A.030; (3) making false statements to a federal

agency in violation of 18 U.S.C. § 1001; (4) disability discrimination in violation of the

ADA; (5) retaliation in violation of Title VII, the ADEA, the ADA, GINA and ORS

659A.030 (1)(f); and (6) failure to provide tax returns in violation of 26 U.S.C. § 6104.

ECF #18. As with the retaliation claim in his First Complaint, his retaliation claim in the

Amended Complaint was brought under five separate statues; thus, Plaintiff's amended

pleading contained a total of *ten* separate and distinct claims.

After withdrawing its motion to dismiss, filed in connection with the First Complaint, and now rendered moot, ECF #19, CCHC filed its Motion to Dismiss Plaintiff's Amended Complaint with Prejudice ("Motion to Dismiss") on March 17, 2021, moving against all of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF #24. The basis for dismissing each of Plaintiff's claims was as follows:

- Plaintiff's **First and Second Claims** – age discrimination in violation of the ADEA and ORS 659A.030 – failed because Plaintiff did not allege either that he was qualified for the CMO or COO positions, or that a substantially younger applicant with equal or inferior qualifications was selected or that Plaintiff was rejected under circumstances otherwise giving rise to an inference of age discrimination, necessary elements of his prima facie case.

- Plaintiff's **Third and Sixth Claims** – making false statements to a federal agency and failing to provide tax returns – failed because the statutes on which Plaintiff relies in support of these claims did not provide for a private right of action.

- Plaintiff's **Fourth Claim** - disability discrimination in violation of the ADA – fails because:

  o Plaintiff failed to exhaust administrative remedies; the Court therefore lacked subject matter jurisdiction over the claim; and

  o Plaintiff had not alleged that he was a qualified individual able to perform the essential functions of his job or that he was not hired because of his disability, two elements of his prima facie case.

- Plaintiff's **Fifth Claim** (in effect five separate claims) – retaliation in violation of Title VII, the ADEA, the ADA, GINA and ORS 659A.030 (1)(f) – failed for the following reasons:

  o With respect to his Title VII retaliation claim, Plaintiff failed to allege any facts to come within any of the protected categories enumerated in the statute, and failed to exhaust administrative remedies prior to bringing suit.

  o As regards Plaintiff's ADEA and ORS 659A.030 retaliation

claims, Plaintiff failed to allege a prima facie case because the Amended Complaint did not allege facts sufficient to establish a causal link between CCHC's decision not to hire him and his protected activity.

o   With respect to Plaintiff's ADA retaliation claim, Plaintiff failed both to exhaust administrative remedies and establish either that he engaged in protected activity or that there was a causal link between CCHC's decision not to hire him and his alleged protected activity.

o   Regarding Plaintiff's GINA retaliation claim, Plaintiff failed to exhaust administrative remedies and establish a prima facie case because the Amended Complaint fails to establish a causal link between CCHC's decision not to hire him and his protected activity.

ECF #24.

In his 29-page Response (which also included 45 pages of exhibits), Plaintiff included myriad new factual allegations and attachments that were not included in or attached to either his First or Amended Complaints; nor did he provide any basis for the Court to accept these new factual allegations and attachments. ECF ##28, 28-1. Consequently, CCHC was forced to file a Motion to Strike that material when it filed its Reply in support of its Motion to Dismiss. ECF ## 29 and 30. On April 15, 2021, Plaintiff filed a baseless Motion to Recuse, which the Court summarily denied. ECF ##31, 34. Plaintiff then filed a response to the Motion to Strike in which he included additional arguments in opposition to CCHC's Motion to Dismiss, which was already fully briefed. ECF #32. Consequently, in its Reply in support of its Motion to Strike, CCHC was forced to both address Plaintiff's legally baseless arguments and his improper attempt to file a sur-reply in connection with CCHC's Motion to Dismiss.[1] ECF

---

[1] Subsequently, on May 13, 2021, Plaintiff filed a motion for leave to file a sur-reply, ECF #35, which was rendered moot when the Court ruled on CCHC's Motion to Dismiss. ECF #36.

[#33](#33).

### C.     The Court Grants CCHC's Motion To Dismiss the Amended Complaint With Prejudice And Awards Attorney Fees To CCHC.

The Court issued its May 19 Order, granting CCHC's Motion to Dismiss and dismissing each of Plaintiff's ten claims with prejudice. [ECF #36](ECF#36). The Court awarded CCHC attorney fees for the Fee Award Claims (five of Plaintiff's ten claims arising under the ADA, the ADEA and Title VII). [ECF #36](ECF#36) at 8. The May 19 Order did not address the issue of attorney fees related to Plaintiff's remaining five Non-Fee Award Claims. [ECF #35](ECF#35). On May 28, 2021, Plaintiff filed a 30-page motion for reconsideration of the Court's May 19 Order. [ECF #39](ECF#39). While ultimately the Court denied this motion on June 8, 2021, [ECF #40](ECF#40), counsel for CCHC had already begun reviewing and analyzing Plaintiff's motion, including conducting legal research, and also began drafting CCHC's response in opposition. Johnson Decl. ¶ 3.

### III.     DISCUSSION

### A.     CCHC Should Be Awarded Its Requested Attorney Fees In Connection With Plaintiff's Fee Award Claims Because They Are Reasonable.

CCHC should be awarded all of its requested attorney fees incurred in defending against Plaintiff's baseless and legally deficient Fee Award claims, and per the Court's May 19 Order.

### 1.     The Lodestar Method applies to CCHC's Motion.

Courts in the Ninth Circuit use the "lodestar method" to calculate attorney fees.[2] *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000); *Morales v. City of*

---

[2] "Case law construing reasonable fees 'applies uniformly 'to fee-shifting statutes'' and, consequently, use of the lodestar method is appropriate. *Van Skike v. Director, Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

*San Rafael*, 96 F.3d 359, 363 (9ᵗʰ Cir. 1996). The Court "must calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer*, 214 F.3d at 1119 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See also Morales*, 96 F.3d at 363 (same). "A 'strong presumption' exists that the lodestar figure represents a 'reasonable fee,' and it should therefore only be enhanced or reduced in 'rare and exceptional cases.'" *Morrow Equip. Co., LLC v. Stonebridge, Inc.*, No. 6:19-cv-1738-MC, 2021 WL 2366085, at *1 (D. Or. June 9, 2021) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

   A reasonable hourly rate is one "that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to a plaintiff's counsel of record." *Morrow*, 2021 WL 2366085, at *1 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). "Thus, this District uses the Oregon State Bar 2017 Economic Survey ("OSB Economic Survey") as the initial benchmark when reviewing fee petitions." *Id.*[3] (A copy of the relevant portions of the OSB Economic Survey are attached to the Johnson Declaration, ¶ 5, Ex. C at line 5.)

### 2. The attorney fees CCHC incurred in dismissing the Fee Award Claims were both appropriate and reasonable.

   CCHC was represented by the law firm of Bullard Law in Portland. Attached to the Johnson Declaration as Exhibit B are tables detailing the legal work and

---

[3] Although the standard hourly rates for the attorneys and paralegal who worked on this matter are typically $440 (Dennis E. Westlind – Partner), $355 (Naomi D. Johnson – Associate), in this matter Bullard Law agreed to and has charged CCHC the hourly rates requested by its Employment Practices Liability Insurance ("EPLI") carrier, which were $220 and $195 for Mr. Westlind and Ms. Johnson, respectively. Johnson Decl. ¶¶ 6-9. These rates are far below the median average hourly rates for attorneys with similar years of practice. *See* Johnson Decl. ¶ 5, Ex. C at line 5.

tasks that counsel for CCHC and one paralegal have performed in this matter, and for which CCHC now seeks attorney fees. Johnson Decl. ¶ 4, Ex. B. The tables that are relevant for this request are those titled "Table No. 1: CCHC TIME ENTRIES AND FEES INCURRED IN CONNECTION WITH THE FEE AWARD CLAIMS" and "Table No. 3: CCHC TIME ENTRIES AND FEES INCURRED IN CONNECTION WITH ALL OF PLAINTIFF'S TEN CLAIMS." CCCH seeks a total of $17,562.25 in connection with the Fee Award Claims ($6,682.00 for work done exclusively in connection with those claims, and $10,880.25 representing fifty percent of the fees incurred in defending against all of Plaintiff's ten separate claims, half of which constitute the Fee Award Claims).

The fees that CCHC incurred in defending against the Fee Award Claims are reasonable considering the work performed.[4] The fees incurred were necessary to obtain the result in this case, which was dismissal of each of the Fee Award Claims with prejudice. Counsel for CCHC had to spend time reviewing and analyzing Plaintiff's First Complaint, conducting substantial legal research for purposes of developing arguments to support a motion to dismiss both the First Complaint and the Amended Complaint, preparing CCHC's motion to dismiss the common law fraud claim in Plaintiff's First Complaint, and fully briefing a Motion to Dismiss and Motion to Strike in connection with the Amended Complaint.[5] Johnson Decl. ¶ 4, Ex. B at *passim*. Defense counsel also

---

[4] Information regarding the credentials, work experience and hourly rates for the attorneys and paralegal who worked on this matter are detailed in the Johnson Declaration, ¶¶ 6-10.

[5] This included a detailed and time-consuming review and comparison of Plaintiff's First and Amended Complaints (and their exhibits) with the new factual allegations and documents he presented as part of his Response to CCHC's Motion to Dismiss in order to identify what of the new material had not previously been included in Plaintiff's complaints and which CCHC moved to strike from that Response. Johnson Decl. ¶ 4, Ex. B at 11-12.

**DEFENDANT COAST COMMUNITY HEALTH CENTER'S MOTION FOR ATTORNEY FEES**

spent considerable time investigating Plaintiff's litigation history (which included researching and reviewing all of the cases Plaintiff has filed to date both in this Court and around the country, and comparing the complaints in those actions with Plaintiff's First and Amended Complaints against CCHC). Johnson Decl. ¶ 4, Ex. B at 1, 2, 4. This was done in order to place this litigation history before the Court as part of CCHC's Motion to Dismiss and in support of its request for attorney fees.

Counsel for CCHC also expended reasonable fees beginning to draft its response to Plaintiff's Motion for Reconsideration before the Court *sua sponte* denied it, Johnson Decl. ¶ 4, Ex. B at 17, and which Plaintiff insisted on filing *even after* the Court cautioned him that he was "fast approaching the standard for a vexatious litigant," which "would carry even harsher consequences than attorney's fees imposed here…." ECF #36 at 9.  Counsel for CCHC has also incurred fees drafting the current Motion (as well as conducting legal research), Johnson Decl. ¶ 4, Ex. B at 4, 8, 16-19, and for which it should be fully compensated.

Counsel for CCHC did not engage in any unnecessary, excessive, redundant or otherwise unnecessary billing, and reviewed each time entry to determine whether any entries were duplicative or ineffective. Johnson Decl. ¶ 11. Counsel's fees were the sole product of Plaintiff's baseless and unfounded claims, and vexatious and harassing conduct. The Fee Award Claims proved meritless, a conclusion the Court reached independently in ruling on CCHC's Motion to Dismiss when it described Plaintiff's case as "lack[ing] any factual basis to raise this [case] above the low threshold of frivolity." ECF #36 at 8 (alterations added).

Further, because of the myriad procedural violations Plaintiff committed,

counsel for CCHC was forced to expend additional fees addressing these violations. For example, CCHC's Motion to Strike, ECF #30, was necessary to address Plaintiff's improper attempt to further amend his Amended Complaint belatedly by including as part of his Response to CCHC's Motion to Dismiss entirely new factual allegations and documents in support of the deficient Fee Award Claims. ECF #28. In discussing CCHC's Motion to Strike, the Court acknowledged that Plaintiff had used his Response to CCHC's Motion to Dismiss as a "quasi-amended complaint" and that CCHC "properly moved to strike much" of that Response. ECF #36 at 3.

Plaintiff also, as part of his Response to CCHC's Motion to Strike, included arguments addressing the merits of CCHC's Motion to Dismiss, which was also improper and which CCHC was forced to address as part of its briefing in connection with its Motion to Strike. ECF #33 at 2. Subsequently on May 13, 2021, Plaintiff filed what he characterized as a sur-reply/motion for leave to file a sur-reply, ECF #35, without the Court's prior authorization and thus in violation of the Federal Rules of Civil Procedure.  As a result, counsel for CCHC spent time reviewing and analyzing Plaintiff's sur-reply and strategizing regarding its proposed Response (which counsel did not ultimately begin drafting prior to the Court's May 19 Order granting CCHC's Motion to Dismiss with prejudice). Johnson Decl. ¶ 4, Ex. B at 16.

In addition, fifty percent of the fees CCHC incurred in defending against Plaintiff's baseless lawsuit should be awarded, representing half of the ten claims asserted in the Amended Complaint and those claims the Court has already awarded fees on. CCHC was forced to prepare an overarching defense strategy, review and analyze client documents pertaining to Plaintiff's applications for employment and

EEOC filings, draft portions of successful motions that pertained to both the Fee Award and Non-Fee Award Claims (for example, the introduction, facts and procedural history, and governing legal standards sections), and engage in conferrals with Plaintiff in connection with those motions. Johnson Decl. ¶ 4, Ex. B at 9-19. Counsel for CCHC also had to, as part of its Reply in Support of its Motion to Dismiss, conduct legal research and prepare briefing regarding the Incorporation by Reference Doctrine, in order to demonstrate how Plaintiff's attaching of new documents to his Response was an improper attempt to amend his Amended Complaint, as well as provide argument as to why Plaintiff should not be allowed to further amend his Amended Complaint. Johnson Decl. ¶ 4, Ex. B at 10, 12-13. Because these fees were incurred in defending against all ten of Plaintiff's claims, it is appropriate for the Court to award CCHC fifty percent of those fees, reflecting the five of Plaintiff's ten claims the Court has already awarded fees on.

As the foregoing demonstrates, CCHC's attorney fees incurred in the defense and successful dismissal of the Fee Award Claims are entirely reasonable and should be granted *in toto*.

**B.    This Court Should Grant CCHC's Request For Attorney Fees In Connection With Plaintiff's Non-Fee Award Claims And Award Its Requested Fees Because They Are Also Reasonable.**

While the May 19 Order was silent with respect to the issue of fees in connection with Plaintiff's Non-Fee Award Claims, CCHC respectfully asks the Court to grant CCHC's request for, and enter an order awarding it, the fees it incurred defending against those claims ($7,294.00), and the remaining fifty percent of the fees incurred in defending all of Plaintiff's ten separate claims ($10,880.25), representing the five Non-

Fee Award Claims.

CCHC's request should be granted because: (1) ORS 659A.885 allows for recovery of fees to a prevailing party for claims brought under ORS 659A.030; (2) some of Plaintiff's Non-Fee Award claims were inextricably intertwined with those claims for which the Court has already awarded fees and the Court is not required to apportion fees between the two sets of claims; and/or (3) the Court may award CCHC these fees pursuant to the Court's inherent power and to further deter Plaintiff.

**1. ORS 659A.885 provides for an award of attorney fees to the prevailing party for claims brought under ORS 659A.030 where, as here, those claims were brought in bad faith, were unreasonable and/or unfounded.**

State law provides for prevailing party attorney fees in connection with Plaintiff's ORS 659A.030 age discrimination and retaliation claims. Specifically, ORS 659A.885(1) states, "In any action under this subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal." This Court "has discretion to allow attorney fees to a prevailing defendant under ORS 659A.885(1) only when the plaintiff's claim is brought in bad faith or is unreasonable or unfounded." *Chase v. Vernam*, 199 Or. App. 129, 139 (2005) (citing *Turnbow v. K.E. Enterprises, Inc.*, 155 Or. App. 59, 68 (1998)). In the context of ORS 659A.885(1), "[a]n action is frivolous when the result appears obvious or the arguments are wholly without merit." *Hansen v. Advo, Inc.*, No. 07-247-HU, 2008 WL 2234580, at *1 (D. Or. May 29, 2008) (alteration added).

Plaintiff's Second Claim for age discrimination, and that part of his Fifth Claim for retaliation, in violation of ORS 659A.030, were without factual basis from the

outset of Plaintiff's lawsuit. Indeed, this is evidenced by Plaintiff's voluntarily withdrawal of those claims after conceding that he had failed to exhaust administrative remedies. ECF #36 at 3. Notwithstanding, the Court determined that Plaintiff's ORS 659A.030 discrimination and retaliation claims failed as a matter of law. First, the Court found that Plaintiff's age discrimination claim failed because he did not (nor could he) allege that: (1) he was qualified for either the CMO or COO position, instead relying on decades-old work experience; or (2) that a substantially younger applicant with equal or inferior qualifications was selected or that Plaintiff was rejected under circumstances otherwise giving rise to an inference of age discrimination, elements necessary for his prima facie case. ECF #36 at 4-5. Second, the Court concluded that his retaliation claim failed for the same reasons his ADEA retaliation claim did, *i.e.*, that he could not make out a prima facie case because he failed to allege facts sufficient to establish a causal link between CCHC's decision not to hire him and his protected activity. ECF #36 at 6-8.

On this basis, the Court would be right to grant CCHC's request and award it the fees it incurred in defending against Plaintiff's claims arising under ORS 659A.030.

**2.    Because certain of Plaintiff's Non-Fee Award Claims were inextricably intertwined with the Fee Award Claims, the Court is not required to apportion fees between the two sets of claims.**

The Court has awarded CCHC attorney fees in connection with the Fee Award Claims. Because the remaining five Non-Fee Award Claims are largely inextricably intertwined with the Fee Award Claims, the Court should award CCHC its requested attorney fees incurred in connection with its defense of those intertwined claims.

A court is not required to apportion or attempt to apportion a party's attorney fees if "the court finds the claims are so inextricably intertwined that even an estimated adjustment would be meaningless." *Gracie v. Gracie*, 218 F.3d 1060, 1070 (9th Cir. 2000). *See also Roberts v. WMC Mortg. Corp.*, 173 Fed.Appx.575, 577 (9th Cir. 2006) ("where multiple claims are asserted and a litigant is successful on some claims, an award of costs need not be apportioned if the claims are so inextricably intertwined that apportionment would be meaningless"). "To determine whether claims are related, the court focuses on whether the claims 'involve a common core of facts or are based on related legal theories.'" *California, Inc. v. Fire Power Co., Ltd.*, No. EDCV 15-876 JGB, 2018 WL 5816169, at *2 (C.D. Cal. Aug. 10, 2018) (quoting *Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005)).

Here, Plaintiff's claims for violations of ORS 659A.030, 18 U.S.C. § 1001 (making false statements to a federal agency), the GINA and common law fraud all rely on the same identical set of facts *and* are largely based on related legal theories. These claims arise out of Plaintiff's unsuccessful applications for the CMO and COO positions and the statements CCHC allegedly made to the EEOC that he characterized as false. ECF #18, ¶¶46-49, 51-56, 68-74; ECF #1, ¶¶ 47-51. Yet those same factual allegations also form the basis of Plaintiff's claims arising under the ADEA, the ADA and Title VII, as the Fee Award Claims all arise from Plaintiff's failed attempts to secure employment with CCHC. ECF #18, ¶¶ 34-45, 57-67, 68-74. Indeed, Plaintiff's retaliation claims brought under the ADA, the ADEA, Title VII, the GINA and ORS 659A.030 all rely on the same identical factual allegations. ECF #18, ¶¶ 68-74.

Consequently, because the Non-Fee Award Claims are so inextricably

intertwined with the Fee Award Claims, the Court is not be required to attempt to apportion CCHC's fees between the two sets of claims. This provides an additional basis to award CCHC the attorney fees it incurred in defending against the Non-Fee Award Claims.

### 3. Regardless, CCHC is entitled to its requested attorney fees in connection with *all* of the Non-Fee Award Claims pursuant to the Court's inherent power.

Even if the Court were to reject the above arguments, it is still empowered to grant CCHC's request for attorney fees incurred in the defense of *all* of the Non-Fee Award Claims, and enter an order awarding those fees. This is necessary, both to serve justice and deter Plaintiff from initiating and pursuing further abusive and harassing litigation against unsuspecting healthcare providers like CCHC.

Even in the absence of a fee-shifting statute, "the court retains the power to order an award of fees 'when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *Castle v. Orenco Systems, Inc.*, No. 09-6142-HO, 2011 WL43556, at *1 (D. Or. Jan. 3, 2011) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975)). Courts are "admonished to reserve this power for case in which a plaintiff's actions are 'frivolous, unreasonable or without foundation." *Id.* (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). Filing and pursuing procedurally barred, factually baseless and deficient claims, as Plaintiff has done here, constitute frivolous actions. *See*, *e.g.*, *Dmitriy v. Bella*, No. 2:20-cv-10-TLN-KJN PS, 2020 WL 1251032 (E.D. Cal. Mar. 16, 2020), at *6 (filing claims that plaintiff knew he could not bring supported "a substantive finding about the frivolous or harassing nature of plaintiff's litigation tactics"); *Molski v. Evergreen*

*Dynasty Corp.*, 500 F.3d 1047, 1060 (9th Cir. 2007) ("bringing a completely baseless claim is frivolous"). Moreover, while a finding of subjective bad faith is not required, "if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." *Christiansburg*, 434 U.S. at 421-22.

Given this framework, it is apparent that the Court should grant CCHC's request for attorney fees it has incurred in defending against the Non-Fee Award Claims. As this Court ruled in its May 19 Order, Plaintiff's case "lack[ed] any factual basis to raise" it "above the low threshold of frivolity." ECF #36 at 8 (alteration added). His claims were baseless, frivolous and pursued in bad faith for the sole purpose of harassing CCHC.

What's more, Plaintiff's Non-Fee Award Claims were, similar to his Fee Award Claims, factually unsupported and legally flawed. In addition to the discussion *supra* at 14-15, demonstrating the groundless nature of Plaintiff's ORS 659A.030 discrimination and retaliation claims, Plaintiff's GINA retaliation claim was procedurally barred because he failed to exhaust administrative remedies and also failed to allege facts demonstrating a causal link between CCHC's decision not to hire him and his protected activity. ECF #36 at 7. So too, Plaintiff's claims for violations of 18 U.S.C. § 1001 (false statements to a federal agency) and 26 U.S.C. § 6104 (required disclosure of tax returns to members of the public by certain exempt organizations) were similarly procedurally flawed because neither statute provides for a private right of action, and Plaintiff voluntarily withdrew the claims on that basis. ECF #36 at 3-4.

Regarding Plaintiff's common law fraud claim, discussed *supra* at 5, and

which was subsequently withdrawn, was similarly without merit. In connection with that claim, he asserted that CCHC "made false representations to the EEOC regarding Dr. Garcia as it related to his applications for the Medical Director and Chief Operations Officer positions." ECF #1, ¶ 48. Yet Plaintiff could not establish reliance and proximate injury on the basis of alleged statements that CCHC made to the EEOC, and *not* to him. ECF #16 at 8 (and case law cited therein). And he admitted that his reliance was premised not on his own reliance but that of the EEOC's. ECF #16 at 8.

Finally, Plaintiff is the definition of a vexatious litigant who needs to be discouraged from his continued course of action. Plaintiff's lawsuit against CCHC is one of at least nine (of which CCHC is currently aware) that Plaintiff has brought against potential employers to whom he unsuccessfully applied for employment. ECF #24 at 13 and fn.6. A court may grant an award of attorney fees to a defendant in a case brought by a *pro se* plaintiff who has a "documented history of filing similar frivolous lawsuits" in order to "deter such conduct in the future." *Ramirez v. Parker*, NO. 3:13-cv-01772-AC, 2015 WL 6163532, at *1 (D. Or. Oct. 20, 2015) (J. Brown).

Notwithstanding the May 19 Order, Plaintiff remains undeterred in his continued attempts at harassing CCHC with baseless and legally flawed claims. In CCHC's June 16 conferral, Plaintiff stated that he would be filing a Response in opposition to this motion. Johnson Decl. ¶ 12, Ex. D at 1. Moreover, CCHC anticipates that Plaintiff will appeal the May 19 Order to the Ninth Circuit Court of Appeals. This is what he has done in his case against Waterfall Community Health Center, Inc., Case No. 6:20-CV-1800-MC (D. Or.), also before this Court (and of which it may take judicial notice, *see* ECF #24 at 8-9). In the *Waterfall* case, notwithstanding that Plaintiff's

lawsuit was dismissed with prejudice, the defendant was awarded its attorney fees and subsequently moved for Rule 11 sanctions, Plaintiff filed a Notice of Appeal to the Ninth Circuit. ECF #12, 21, 38. Because Plaintiff simply refuses to abandon the lawsuits that he has brought in bad faith, CCHC hopes the fees it now seeks will deter him from continuing in this misconduct.

**4.    CCHC's requested fees are appropriate and reasonable.**

The fees that CCHC requests in connection with the Non-Fee Award Claims are both appropriate and reasonable, for the reasons set forth *supra* at 8-13. The tables that are relevant for this request are those titled "Table No. 2: CCHC TIME ENTRIES AND FEES INCURRED IN CONNECTION WITH THE NON-FEE AWARD CLAIMS" and "Table No. 3: CCHC TIME ENTRIES AND FEES INCURRED IN CONNECTION WITH ALL OF PLAINTIFF'S TEN CLAIMS." Johnson Decl. ¶4, Ex. B at 5-19. CCHC seeks a total of $18,174.25 in connection with the Fee Award Claims ($7,294.00 for work done exclusively in connection with those claims, and $10,880.25 representing fifty percent of the fees incurred in connection with defending against all of Plaintiff's ten separate claims, half of which represent the Non-Fee Award Claims).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.    CONCLUSION

For all of the above-mentioned reasons, CCHC respectfully requests that, pursuant to its May 19 Opinion and Order, the Court enter an order awarding CCHC its attorney fees in the sum of $17,562.25 incurred in the defense of Plaintiff's claims arising under the ADEA, the ADA and Title VII. In addition, CCHC respectfully asks the Court to grant its request for attorney fees incurred in the defense of Plaintiff's remaining claims and enter an order awarding CCHC its attorney fees in the sum of $18,174.25.

DATED:  June 18, 2021.

BULLARD LAW

By s/Naomi Johnson
    Dennis E. Westlind, OSB No. 011329
    dwestlind@bullardlaw.com
    Naomi D. Johnson, OSB No. 150477
    njohnson@bullardlaw.com
    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2021 I served the foregoing

**DEFENDANT COAST COMMUNITYH HEALTH CENTER'S MOTION FOR**

**ATTORNEY FEES** on:

> Peter Garcia
> 1969 Alafaya Trail #231
> Orlando, FL 32828
> clintonville@gmail.com

☑      by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☑      by **mailing** a true and correct copy to the last known address of each person listed. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐      by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed. It was contained in a sealed envelope and addressed as stated above.

☐      by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐      by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery. It was addressed as stated above.

☑      by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

> s/Naomi Johnson
> Dennis E. Westlind, OSB No. 011329
> Naomi D. Johnson, OSB No. 150477
> Attorneys for Defendant

Page 1      CERTIFICATE OF SERVICE

6148/2 01099174 V 1