**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER GARCIA, | No. 21-35555 |
| Plaintiff-Appellant, | D.C. No. 6:20-cv-02175-MC |
| v. | |
| COAST COMMUNITY HEALTH CENTER, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 12, 2022[**]

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Peter Garcia appeals pro se from the district court's judgment dismissing his

action alleging violations of Title VII, the Age Discrimination in Employment Act

("ADEA"), and the Americans with Disabilities Act ("ADA").  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We affirm.

The district court properly dismissed Garcia's action because Garcia failed to allege facts sufficient to state a plausible claim for relief.  *See id.* at 341-42 (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006) (holding plaintiff must exhaust ADA claims with the EEOC before filing suit).

The district court did not abuse its discretion in dismissing Garcia's action without leave to amend because amendment would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and grounds for denial of leave to amend).

The district court did not abuse its discretion in awarding attorney's fees to appellee on the basis of its determination that Garcia's action was frivolous.  *See Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421-23 (1978).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

21-35555