IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PETER GARCIA**,

          Plaintiff,

    v.

**COAST COMMUNITY HEALTH CENTER**,

          Defendant.

_____

                          **Civ. No. 6:20-cv-02175-MC**

                          **OPINION AND ORDER**

**MCSHANE, Judge**:

       Plaintiff Dr. Peter Garcia brought several claims for employment discrimination and retaliation against Defendant Coast Community Health Center ("CCHC") after CCHC rejected his employment applications. Upon finding Plaintiff failed to state a claim for relief, this Court granted CCHC's motion to dismiss, as well as its request for attorney fees for claims brought under Title VII, the Americans with Disabilities Act ("ADA"), and the Age Discrimination Employment Act ("ADEA"). Op. & Order 8–9, ECF No. 36. CCHC later filed its motion for attorney fees, seeking $17,562.25 in fees related to Plaintiff's Title VII, ADA, and ADEA claims and an additional $18,174.25 in fees related to Plaintiff's other remaining claims. Def.'s Mot. Att'y Fees 2, ECF No. 41. Because the Court finds some of CCHC's requested fees excessive and unreasonable, CCHC's Motion for Attorney Fees (ECF No. 41) is GRANTED in part.

## BACKGROUND

Plaintiff submitted employment applications for Chief Medical Officer and Chief Operations Officer at CCHC in 2019 and 2020. Am. Compl. 4–5, ECF No. 18. After Plaintiff was not hired for either position, he filed complaints with the EEOC alleging discrimination and retaliation. *Id.* at 7. Plaintiff then filed this cause of action, alleging age discrimination under the ADEA and ORS 659A.030, disability discrimination under the ADA, fraud, and retaliation under Title VII, the ADEA, the ADA, ORS 659A.030, and the Genetic Information Nondiscrimination Act ("GINA"). Compl., ECF No. 1. CCHC moved to dismiss Plaintiff's fraud claim, but Plaintiff amended his complaint to remove the fraud claim and add claims for making a false statement under 18 U.S.C § 1001 and failure to provide tax returns. *See* Def.'s Mot. Dismiss Fraud Claim, ECF No. 16; Am. Compl. 2. CCHC withdrew its original motion to dismiss and filed a new one, seeking dismissal of all Plaintiff's claims. Def.'s Mot. Dismiss Am. Compl., ECF No. 24. CCHC's renewed motion to dismiss included a request for attorney fees due to the frivolity of Plaintiff's claims. *Id.* at 28–29.

Plaintiff's response to CCHC's motion to dismiss improperly included new factual allegations and attachments that were not part of his amended complaint. Answer Mot. Dismiss, ECF No. 28. CCHC responded with a motion to strike the new materials. Def.'s Mot. Strike, ECF No. 30. The Court ultimately dismissed Plaintiff's action with prejudice for failure to state a claim. Op. & Order, ECF No. 36. In doing so, the Court granted CCHC's request for attorney fees related to Plaintiff's claims under the ADEA, ADA, and Title VII. *Id.* at 8–9. The Court also cautioned Plaintiff that he was rapidly approaching the standard for a vexatious litigant. *Id.* at 9. Plaintiff filed a motion for reconsideration, which the Court denied without need for CCHC's response. Order, ECF No. 40.

## DISCUSSION

Parties to litigation are ordinarily required to bear their own attorney's fees. *Buckhannon Bd. & Care Home, Inc. v. West Virginia D.H.H.R.*, 532 U.S. 598, 602 (2001). The general practice is not to award fees to a prevailing party "absent explicit statutory authority." *Id.* (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)). In discrimination cases where the defendant is the prevailing party, the Supreme Court has cautioned that attorney fees should be awarded only in exceptional circumstances. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Under the ADEA, ADA, and Title VII, "a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.*; *see also Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) (applying *Christiansburg* standard to ADA cases).

As the Court explained in its earlier Opinion and Order, Plaintiff's claims were clearly unreasonable and without foundation from the outset. Op. & Order, ECF No. 36. Plaintiff's allegations were wholly unsupported by the evidence, and the Court noted Plaintiff's eight nearly identical lawsuits in other districts as a possible attempt to extract settlements from unsuspecting defendants. *Id.* Accordingly, the Court found this an exceptional circumstance where attorney fees to the prevailing defendant were warranted. *Id.* at 8–9. Defendant's requested fees, however, must be reasonable. For reasons explained below, the Court declines to grant Defendant its total requested fees in the amount of $35,736.50 as unreasonable.

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

Courts determine a reasonable billing rate based on the "prevailing market rate" in the relevant community. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The burden is on the petitioner to prove "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Oregon courts consider the Oregon State Bar Economic Survey's 75th percentile hourly rate to be an appropriate standard for measuring attorney fee requests.[1] *MW Builders, Inc. v. Safeco Ins. Co. of America*, No. 02-1578, 2009 WL 1161751, at *11 (D. Or. Apr. 28, 2009). As to number of hours expended, courts review the billing hours submitted to determine whether the prevailing attorney could have reasonably billed the claimed hours to a private client. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). "[E]xcessive, redundant, or otherwise unnecessary" hours are not recoverable. *Id.* (quoting *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2008).

The Court finds that Defendant's requested billing rates are reasonable. Dennis Westlind is a partner at Bullard Law with over twenty years of experience. Johnson Decl. ¶ 6, ECF No. 42. Defendant seeks an hourly rate of $220 for Mr. Westlind's work on this case. *Id.* ¶ 7. Naomi Johnson is a senior associate with over fifteen years of experience. *Id.* ¶ 8. Defendant seeks an hourly rate of $195 for Ms. Johnson's work. *Id.* ¶ 9. Both rates are well under the 75th percentile rate for similarly situated attorneys in Portland of Mr. Westlind and Ms. Johnson's experience.

---

[1] The economic survey is available at https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf.

*See* Oregon State Bar 2017 Economic Survey, 39. Kim Kindred is a paralegal with four years of experience. Defendant seeks $175 for Ms. Kindred's work, which is below the 25th percentile rate for first year attorneys in Portland. *See* Oregon State Bar 2017 Economic Survey, 38; *SPF Brewery Blocks, LLC v. Art Inst. of Portand, LLC*, No. 3:18-CV-1749-MO, 2019 WL 1497029, at *3 (D. Or. Apr. 4, 2019) ("[A] reasonable hourly rate for a paralegal should not exceed that of a first year associate.").

The Court's concern with Defendant's requested fees lies not with Defendant's hourly rates, but with the number of hours expended. Defendant seeks $35,736.50 in attorney fees for 183.7 hours spent on this matter. Defendant broke its fees up into three categories: (1) fees incurred related to the "fee award" claims; (2) fees incurred related to the "non-fee award" claims; and (3) fees incurred related to all of Plaintiff's claims which otherwise cannot be apportioned between the fee award and non-fee award claims. Johnson Decl. Ex. B.

The fee award claims refer to those the Court already granted attorney fees for in its Opinion and Order dismissing Plaintiff's case. *See* Op. & Order 8–9. They include Plaintiff's claims under the ADEA and ADA, as well as Plaintiff's retaliation claims brought pursuant to Title VII, the ADEA, and the ADA. Defendant seeks $6,682 in fees for these claims. Johnson Decl. Ex. B, at 4. The non-fee award claims include Plaintiff's remaining claims under 18 U.S.C. § 1001, ORS 659A.030, and GINA, as well as his claims for fraud and failure to provide tax returns. Defendant seeks $7,294 in fees for these claims. *Id.* at 8. For the third category, fees incurred related to all of Plaintiff's claims, Defendant seeks $21,760.50. *Id.* at 19. While this category includes time spent on Plaintiff's overall case, Defendant represents that fifty percent of these hours relate to the fee award claims, while the other fifty percent relate to the non-fee award claims. Def.'s Mot. Att'y Fees 12–14.

At the outset, the Court is skeptical of Defendant's characterization of the claims brought against it. Defendant urges to the Court to view Plaintiff's retaliation claim, brought as his fifth claim for relief, as five individual claims since Plaintiff cites to five separate statutes in his complaint. In taking this view, Defendant added considerable time to its fee petition by claiming it spent several hours responding to each individual retaliation claim. In its motion to dismiss, however, Defendant asserted many of the same arguments when discussing the different retaliation standards. Namely, that Plaintiff failed to exhaust his administrative remedies and failed to establish a prima facie retaliation case. Def.'s Mot. Dismiss Am. Compl. 21–28. Though Plaintiff cited to different statutes, his entire retaliation claim for relief failed for the same reasons. Defendant's attempt to separate Plaintiff's retaliation claim into five individual claims is not well taken, especially where Defendant simply copied and pasted the same or similar standards under different subheadings. The Court will not award Defendant a bloated amount of fees for its work on what the Court sees as a standard retaliation claim.

Also concerning is Defendant's request for fees for Plaintiff's age discrimination claim under ORS 659A.030. Defendant seeks fees for this claim separate from Plaintiff's federal age discrimination claim, yet Defendant dealt with Plaintiff's ADEA and ORS 659A.030 claims together in its motion to dismiss. *Id.* at 10. There is no separate briefing for the ORS 659A.030 claim aside from a footnote noting that "[t]he standard for establishing a prima facie case of discrimination under Oregon Law is identical to that used in federal law." *Id.* Defendant's claimed fees for work on Plaintiff's ORS 659A.030 claim are therefore duplicative and unnecessary.

In its Opinion and Order dismissing Plaintiff's case, the Court granted Defendant's request for attorney fees for its work spent defending against Plaintiff's frivolous claims under

the ADEA, ADA, and Title VII. Op. & Order 8–9. These claims were the core of Plaintiff's cause of action and required the most substantive attention from Defendant. Plaintiff recognized that his claims for fraud, failure to provide tax returns, and violation of 18 U.S.C. § 1001 lacked merit and voluntarily withdrew them. *See* Am. Compl. 2; Answer Mot. Dismiss 25. The Court agrees that this is an exceptional circumstance where an award of attorney fees to a prevailing defendant is warranted due to Plaintiff's baseless claims and troublesome litigation history. But Defendant now seeks to essentially double its originally requested fees by overstating Plaintiff's claims and overworking a relatively straightforward, frivolous case that was easily disposed of at the motion to dismiss stage.[2]

Taking all of this into consideration, the Court awards the following: the 34.2 hours Defendant spent on the fee award claims, which include claims under the ADEA, ADA, and Title VII, were reasonable. The Court therefore awards Defendant those fees in the amount of $6,682. As explained above, Defendant's counsel seeks excessive and unnecessary fees for its work on Plaintiff's non-fee award claims. The Court recognizes, however, that some of Defendant's time spent on the non-fee award claims was necessary to obtain dismissal. The Court therefore awards Defendant half of the fees requested for time spent on the non-fee award claims in the amount of $3,647. As for the third category of Defendant's requested fees, those incurred defending against Plaintiff's overall case, the Court finds 112.3 hours excessive and unreasonable. In accordance with Defendant's representation that fifty percent of these hours relate to Plaintiff's fee award claims, the Court awards Defendant half of these fees in the

---

[2] The Court also considered the requested attorney fees in Plaintiff's other similar discrimination lawsuit before the Court. There, the defendant requested approximately $12,856.50 in attorney fees for 43.7 hours after success at the motion to dismiss stage. Monroe Decl. ¶ 18, Ex. P, *Garcia v. Waterfall Cmty. Health Ctr.*, No. 20-cv-01800 (filed Mar. 9, 2021). Here, counsel seeks $35,736.50 for 183.7 hours. The Court recognizes that in *Waterfall* Plaintiff did not bring claims for retaliation, failure to provide tax returns, or violation of 18 U.S.C. § 1001. Even still, the Court cannot fathom that Defendant's counsel here reasonably spent quadruple the hours in comparison.

amount of $10,880.

## CONCLUSION

For the above reasons, Defendant is entitled to attorney fees in the amount of $21,209.


IT IS SO ORDERED.

DATED this 24th day of August, 2022.


    s/Michael J. McShane               
Michael J. McShane
United States District Judge